IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN THE MATTER OF: | : | MISCELLANEOUS CASE |
| | : | |
| SEIZURE OF THREE THOUSAND, FIVE HUNDRED EIGHTY-FIVE DOLLARS ($3,585.00) UNITED STATES CURRENCY SEIZED FROM 335 LAMOKIN STREET, CHESTER, PA | : | NO. |

**O R D E R**

AND NOW, this _____ day of _____, 2020, upon consideration of the United States' motion to obtain an indictment or file a complaint seeking forfeiture of the above-listed property, for good cause shown and upon agreement of the parties, the motion is GRANTED. The time period within which the government must obtain an indictment or file a complaint in this matter is extended to June 7, 2020.

BY THE COURT:

_____
*Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF: : | MISCELLANEOUS CASE |
| : | |
| : | |
| SEIZURE OF THREE THOUSAND, FIVE : | NO. |
| HUNDRED EIGHTY-FIVE DOLLARS : | |
| ($3,585.00) UNITED STATES CURRENCY : | |
| SEIZED FROM 335 LAMOKIN STREET, : | |
| CHESTER, PA : | |

**MOTION OF UNITED STATES OF AMERICA
FOR EXTENSION OF TIME TO OBTAIN INDICTMENT
OR FILE FORFEITURE COMPLAINT**

The United States of America ("the government"), by its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Sean P. McDonnell, Assistant United States Attorney, respectfully requests that, pursuant to Title 18 United States Code, Section 983(a)(3), that this Court extend the period of time in which the government may obtain an indictment or file a civil complaint seeking forfeiture of the above-listed property for a period of 60 days, that is from April 8, 2020, to June 7, 2020.  In support of this motion, the government avers as follows:

1.     On December 12, 2018, unrelated to a federal ongoing criminal investigation, Pennsylvania State Police ("PSP") conducted a car stop for multiple traffic violations of a rental car driven by Jamar Hunter.  During the car stop, PSP trooper questioned both Hunter and his passenger, Deshaun Davis, about their intended destination.  The trooper also asked both men for identification, ran them through his computer, and learned that both Hunter and Davis had lengthy criminal histories, with multiple prior drug and firearms-related arrests.  Based on this and other observed suspicious behavior, the trooper asked Hunter to exit the car and patted him down for weapons.  During the pat down, the trooper recovered a loaded .45 caliber

semiautomatic Glock handgun tucked inside the waistband of Hunter's pants.  At the time that he possessed the Glock pistol, Hunter had previously been convicted of at least one crime punishable by more than a year in prison in the courts of the Commonwealth of Pennsylvania.  Hunter was aware of this conviction, as he had served a sentence of incarceration for this offense.

After the recovery of the firearm in December 2018, Hunter was arrested locally and charged in the Court of Common Pleas for Delaware County.  He was granted bail and released on court supervision, which among other things required that he not engage in any new criminal activity.  On October 30, 2019, the indictment in this case was unsealed and a federal arrest warrant for Hunter was executed at 335 Lamokin Street, Chester, PA, by law enforcement agents for the Drug Enforcement Administration ("DEA").  During a consent search of his residence, agents recovered[1] $12,285 in United States currency ("USC") located in various locations throughout the residence.  Specifically, $3,790 in USC bundled and located in the top drawer of the dresser in the master bedroom; $5,000 in USC bundled and located in the second drawer of the dresser in the master bedroom; $860 in USC bundled and located on the ironing board in the master bedroom; $175 in USC bundled and located on a table in the living room; and $2,460 in USC bundled and located under a sofa cushion.

2. As required by law, the DEA thereafter sent direct written notice to all persons known to have an interest in the seized currency, including Jamar Hunter and Bianca Cruz, who are residents at 335 Lamokin Street, Chester, PA.

3. On January 7, 2020, defense counsel, Salvatore C. Adamo, Esquire, filed a claim

---

[1] In addition to the $12,285 in USC seized, DEA agents also seized two semi-automatic handguns: a Glock 9mm pistol and a Taurus 9mm pistol, two pounds of marijuana (which was broken down for sale and divided amongst multiple smaller baggies), and additional drug packaging materials.  The two semi-automatic handguns were listed in the Notice of Forfeiture in the Indictment and the government intends to forfeit these firearms through criminal judicial forfeiture.

on behalf of his client Jamar Hunter, with the DEA seeking to contest the forfeiture of a portion of the seized currency, specifically $3,585 in United States currency.

4. On January 28, 2020, Bianca Cruz filed a petition for remission or mitigation with the DEA seeking to contest the forfeiture of a portion of the seized currency, specifically $8,630 in United States currency. DEA Forfeiture Counsel will make the official ruling on the petition for the $8,630, as no party has filed a timely, valid claim for that portion of the currency seized.

5. The Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. § 983, *et seq*. provides that, within 90 days after a claim for the return of property is filed, the government must obtain an indictment listing the seized property as being subject to forfeiture and take other steps necessary to preserve the seized property, file a civil complaint for forfeiture of the seized property, or obtain a court order extending the time period for good cause shown or upon agreement of the parties, as provided under federal law. *See* 18 U.S.C. § 983(a)(3)(A) and (B). Also, if the government does not obtain an indictment listing the seized property as being subject to forfeiture, file a civil forfeiture complaint, or obtain an extension of time, the government must release the property and not take any further civil forfeiture action against the property. *See* 18 U.S.C. § 983(a)(3)(B). CAFRA provides that this Court may extend the period "for good cause shown or upon agreement of the parties," pursuant to Title 18, United States Code, Section 983(a)(3)(A).

6. On March 13, 2020, the Chief Judge of this Court entered a Standing Order providing that, as a result of the emergency presented by the coronavirus disease COVID-19, all civil and criminal jury trials scheduled to begin between March 13, 2020, and April 13, 2020, before any district or magistrate judge in any courthouse in the Eastern District of Pennsylvania are continued pending further Court order. The Chief Judge described actions of public health authorities to limit the spread of the virus, and further described the impact of COVID-19 on the

availability of jurors.

7. On March 18, 2020, the Chief Judge entered a supplemental Standing Order, stating in part:

> Developments during the short time since the March 13, 2020, Standing Order was issued reinforce the Court's finding, with regard to criminal jury trials, that the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. On March 15, 2020, the Centers for Disease Control and Prevention issued interim guidance recommending the cancelation of gatherings of more than 10 people for organizations that serve higher-risk populations. The following day, the President of the United States issued guidance recommending that people not gather in groups of more than 10 people for the ensuing 15 days. These developments further impede the Court's ability to proceed with jury selection and jury trials at this time. In addition, the Bureau of Prisons' suspension of most legal visitation for a 30-day period beginning March 13, 2020, will limit defense counsel's ability to effectively prepare for trial.
>
> Because the developments regarding COVID-19 in this district outlined above and in the March 13, 2020, Standing Order also adversely affect the Court's ability to maintain the continued operation of grand juries, it is ORDERED the deadlines for filing an indictment or information set forth in 18 U.S.C. § 3161(b) and (d)(1) are CONTINUED in every matter in this district. The Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. The time period of any continuance entered as a result of this Standing Order shall therefore be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). Any motion by a criminal defendant seeking an exception to this Standing Order for the purpose of exercising the defendant's speedy trial rights shall be referred to the Chief Judge.

8. As the Chief Judge found, the crisis presented by COVID-19 affects the orderly operation of the criminal justice system. Because of the severe restrictions on public movement at the present time as a result of governmental orders and guidance, the government and law enforcement officials are constrained in their ability to properly investigate criminal matters, gather evidence, and meet with witnesses.

9. The government has contacted counsel for Jamar Hunter, who has agreed to a sixty (60) day extension of time for the government to file a civil forfeiture complaint and/or list

the seized property as being subject to forfeiture in a criminal indictment. The extension of time will enable the government to more fully consider the claim seeking the return of the seized currency. Under the circumstances, the requested extension of time is appropriate and will not unduly prejudice the claimant.

10. Accordingly, by this motion, the government requests an extension of time of 60 days, that is, until June 7, 2020, to file a civil complaint for forfeiture of the seized currency and/or to obtain an indictment alleging forfeiture in this matter.

11. This is the first request for an extension of time made by the government in this matter. The government submits that this request for extension of time is made in good faith and is not intended to unduly delay these proceedings.

WHEREFORE, based on the foregoing, the government respectfully requests that this Court grant the motion.

WHEREFORE, the government respectfully requests that the Court enter an Order extending the time to file a complaint for forfeiture and/or to obtain an indictment alleging forfeiture pursuant to Title 18, United States Code, Section 983(a)(3)(A) for 60 days, that is to June 7, 2020.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

*s/ Sean P. McDonnell*
SEAN P. McDONNELL
Assistant United States Attorney

Date: April 1, 2020

## **CERTIFICATE OF SERVICE**

It is hereby certified that true and correct copies of the Motion of United States of America for Extension of Time to Obtain Indictment or File Forfeiture Complaint and proposed Order will be served via first class mail upon:

Salvator C. Adamo, Esquire
1866 Leithsville Road, # 306
Hellertown, PA 18055
215-751-1735 (p)
Scadamo11@aol.com

*s/ Sean P. McDonnell*_____
SEAN P. McDONNELL
Assistant United States Attorney

Date: April 1, 2020